# UNITED STATES DISTRICT COURT

## District of South Dakota, Southern Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| vs. | |
| JEREMIAH E. UNKEL | Case Number: CR09-40020-01 |
| | USM Number: 15153-043 |

**FILED**
JUN 2 3 2010
CLERK

William A. Delaney
Defendant's Attorney

**THE DEFENDANT:**

■ pleaded guilty to count(s) 1 of the Indictment

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 228(a)(3) | Failure to Pay Legal Child Support | 02/03/2009 | 1 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant the statutory and constitutional authority vested in this court.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

06/21/2010
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Hon. Lawrence L. Piersol, United States District Judge
Name and Title of Judge

June 23, 2010
Date

DEFENDANT:     JEREMIAH E. UNKEL
CASE NUMBER:   CR09-40020-01

# PROBATION

The defendant is hereby sentenced to probation for a term of: five (5) years to commence immediately following the defendant's release from the Mississippi Department of Corrections in case number B2301-07-0009 or any other additional sentence imposed by the Harrison, MS, County Circuit Court.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the probation office.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

■   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JEREMIAH E. UNKEL
CASE NUMBER: CR09-40020-01

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall be placed in community confinement for a period of 6 months, to commence immediately upon his release from prison.

2. The defendant shall not consume any alcoholic beverages or intoxicants. Furthermore, the defendant shall not frequent establishments whose primary business is the sale of alcoholic beverages.

3. The defendant shall submit to a warrantless search of his person, residence, place of business, or vehicle, at the discretion of the probation office.

4. The defendant shall submit a sample of his blood, breath, or urine at the discretion or upon the request of the probation office.

5. The defendant shall participate in a program approved by and at the direction of the probation office for treatment of substance abuse.

6. The defendant shall provide the probation office with access to any requested financial information.

7. The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

8. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office unless the defendant is in compliance with any payment schedule established.

9. The defendant shall pay restitution as ordered by the Court.

10. The defendant shall maintain monthly child support payments as previously ordered.

11. The defendant, if at any time deemed necessary by the probation officer, shall reside and participate in a residential reentry center. The defendant shall be classified as a prerelease case.

12. The defendant, if at any time deemed necessary by the probation officer, shall wear a Remote Location Monitoring Device and comply with the provisions of the Home Confinement Participation Agreement in whatever district his probation is served.

13. The defendant shall participate in and complete a cognitive behavioral training program as directed by the probation office.

14. The defendant shall participate in a program of domestic violence counseling, if available, as directed by the probation office.

DEFENDANT:     JEREMIAH E. UNKEL
CASE NUMBER:   CR09-40020-01

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | Assessment | Fine | Restitution |
|------------|------------|------|-------------|
| **TOTALS** | $ 100.00   | $    | $ 19,926.72 |

☐ The determination of restitution is deferred until .
An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

■ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority Or Percentage |
|---------------|-------------|---------------------|------------------------|
| SD Dept. Of Social Services, Division of Child Support | $19,926.72 | $19,926.72 | |
| **TOTALS** | $ 19,926.72 | $ 19,926.72 | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ■ the interest requirement is waived for the   ☐ fine   ■ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: JEREMIAH E. UNKEL
CASE NUMBER: CR09-40020-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ■ Lump sum payment of $ 100.00 due immediately.

    ☐ not later _____, or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below); or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D,   ☐ F below); or

C ☐ Payment in equal weekly (e.g., weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal weekly (e.g., weekly, monthly, or quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment of the criminal monetary penalties shall be due in regular quarterly installments of of the deposits in the defendant's inmate trust account while the defendant is in custody. Any portion of the monetary obligation(s) not paid in full prior to the defendant's release from custody shall be due in monthly installments of , such payments to begin, days following the defendant's release; or

F ■ Special instructions regarding the payment of criminal monetary penalties:
Payment of the total restitution and other criminal monetary penalties shall be due in monthly installments of $100 to commence 60 days after the defendant is released from the Mississippi Department of Corrections.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Number (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs